# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

TERRI CREECH,

    Plaintiff,

v.

TIFT REGIONAL HOSPITAL AUTHORITY, d/b/a/ TIFT REGIONAL MEDICAL CENTER,

    Defendant.

Civil Action No. 7:09-CV-27 (HL)

## ORDER

Before the Court is Defendant Tift Regional Hospital Authority's (Tift Regional) Motion for Reconsideration (Doc. 42). Tift Regional contends that the Court erred when it denied summary judgment on Plaintiff's Terri Creech ("Creech") Family Medical Leave Act ("FMLA") interference claim. The Court agrees and grants the motion. Summary judgment is granted to Tift Regional on Creech's interference claim.

## I. RECONSIDERATION STANDARD

Local Rule 7.6 warns that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. A motion for reconsideration must be filed within 14 days after entry of the order. Id.

A motion for reconsideration is appropriate if the moving party can show: "(1) there has been an intervening change in the law, (2) new evidence has been

discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (citing Wallance v. Georgia Dep't of Trans., 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006). "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Id. (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003).

In this case, the Court made an error of law interpreting the FMLA.

## II. DISCUSSION

The FMLA provides that qualifying employees who return to work within a 12-week period are entitled to be reinstated to their previous position, or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1). The Eleventh Circuit has held that this right is not absolute. "[I]f an employer can show that it refused to reinstate an employee for a reason wholly unrelated to the FMLA leave, the employer is not liable." Strickland v. Water Works and Sewer Bd. of Birmingham, 239 F.3d 1199, 1208 (11th Cir.2001).

In its summary judgment order, the Court found that it was undisputed that Creech's job as the SCIP coordinator was eliminated while Creech was on FMLA leave. Further, the unrebutted evidence showed the SCIP coordinator position

would have been eliminated regardless of whether Creech took FMLA leave. When she returned from her second leave of absence Creech's supervisor told her that she had thirty days left to find another job or she would be terminated. Creech did not find another position at Tift Regional, so her employment at the hospital was terminated.

The Court denied summary judgment on Creech's FMLA interference claim because there were genuine issues of fact as to whether there were equivalent positions available at Tift Regional that Creech could have been placed in at the time Creech returned from her FMLA leave. The Court erroneously thought that the FMLA required an employer to place an employee in an equivalent position, if one was available, when an employee returned from FMLA leave even if the employee's former position was eliminated because of reasons unrelated to FMLA leave.

Smith v. East Baton Rouge Parish Sch. Bd. is a case similar in some respects to Creech's case. In Smith, the plaintiff was employed by a school board. 453 F.3d 650, 650 (5th Cir. 2005). While the plaintiff was on FMLA maternity leave, the school board reorganized the department in which the plaintiff worked. Id. at 650-51. As a result, the plaintiff's job changed upon her return from FMLA leave. Id. At the district court level, the court found that the position she returned to was equivalent to her former position. Id. at 651. On appeal, the plaintiff contended that the position she held prior to taking maternity leave was not equivalent to the positions he was given after returning from maternity leave. Id. The Fifth Circuit

3

noted that the school board failed to argue that the district court's decision should be affirmed because the plaintiff's former position was no longer available. Id. n. 1. It cited cases explaining that a necessary exception to the right to reinstatement is if the plaintiff's former position is no longer available or has been eliminated. Id. (citation omitted).

In this case, the unrebutted record evidence shows that Creech's position at Tift Regional was eliminated due to reasons unrelated to her taking FMLA leave and that she was terminated because she was not hired to work in another position. Like the defendant in Smith, Tift Regional could have placed her in an equivalent position, but it was not obligated to do so under the FMLA. Therefore, the Court need not reach the question of whether there were equivalent positions available at Tift Regional. The fact that her position as the SCIP coordinator was eliminated for reasons unrelated to her FMLA leave warrants granting summary judgment to Tift Regional on Creech's FMLA interference claim. Accordingly, the motion for reconsideration is granted (Doc. 42). Judgment is entered in favor of Tift Regional. The clerk's office is directed to close the case.

**SO ORDERED**, this the 28th day of September, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc